UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

|  |  |
|---|---|
| ROBERT REED,<br><br>　　　Petitioner,<br><br>　　　v.<br><br>PATRICIA K. CUSHWA et al.,<br><br>　　　Respondents. | )<br>)<br>)<br>)<br>)<br>)<br>)　Case No. 21-cv-2531 (APM)<br>)<br>)<br>)<br>) |

## MEMORANDUM OPINION

**I.**

Pro se Petitioner Robert Reed is an inmate detained on a parole violation warrant issued by the U.S. Parole Commission ("USPC"). He seeks a writ of habeas corpus, as well as relief under the Administrative Procedure Act ("APA"). The court, however, finds Petitioner's confinement to be lawful and therefore denies his request for habeas and APA relief.

**II.**

In May 2010, the D.C. Superior Court sentenced Petitioner to an 80-month term of imprisonment followed by a 5-year term of supervised release after his conviction on four counts of Felony Threats to Kidnap or Injure and two counts of Obstruction of Justice and Misdemeanor Stalking. *See* Resp'ts' Mot. to Dismiss, ECF No. 3 [hereinafter Resp'ts' Mot.], Exs., ECF No. 3-2 [hereinafter Resp'ts' Exs.], at 1–2.[1] After Petitioner completed a portion of his sentence, the Bureau of Prisons ("BOP") released him from custody on November 13, 2020. *Id.* at 43. Petitioner, however, never reported for supervision. *Id.* The USPC then issued a warrant for his arrest on

---

[1] The court uses ECF pagination when citing to exhibits.

December 2, 2020, *id.* at 48–49, which the U.S. Marshals Service executed on September 8, 2021, *id.* at 51–52.

Within weeks, Petitioner filed the instant petition for a writ of habeas corpus. Aff. for Pet. for Writ of Habeas Corpus, ECF No. 1. Petitioner's 21-page handwritten Petition can be distilled as asserting three grounds for habeas relief: (1) the USPC lacks "jurisdiction" over him because the agency did not swear out an affidavit in support of the December 2, 2020 warrant, *id.* at 5; (2) he never received a copy of the warrant application, *id.*; and (3) the warrant is invalid because it was issued by the USPC and not a judicial officer, *id.* at 6. Relatedly, Petitioner contends he must be released because the USPC lacks authority to "hold a trial like judicial procedure" in violation of the ("APA"). *Id.* at 8.

The USPC has moved to dismiss the petition, Resp'ts' Mot., and Petitioner has submitted a "motion for summary judgment," Pet'r's Mot. for Summ. J., ECF No. 6.

**III.**

Each of Petitioner's grounds for relief is easily dismissed.

*First*, contrary to Petitioner's contention, the USPC did complete a warrant application that led to the issuance of the December 2, 2020 warrant. Resp'ts' Exs. at 45–46 (Warrant Application completed by USPC Case Analyst Jequan Jackson).

*Second*, a hypothetical failure to provide the warrant to an arrestee is not a basis for habeas relief. In any event, the USPC did actually present Petitioner with a copy of the warrant, which Petitioner refused to accept. *Id.* at 52 (noting that Petitioner "refused to sign" the "Acknowledgement of Service").

*Third*, the USPC had the authority to issue the December 2, 2020 warrant. D.C. Code offenders are "subject to the authority of the [USPC] until completion of the term of supervised

2

release." D.C. Code § 24-133(c)(2).  If such an offender "is alleged to have violated the conditions of his release, and satisfactory evidence thereof is presented," the USPC may "[i]ssue a warrant for the apprehension and return of the releasee to custody." 28 C.F.R. § 2.211(a)(2) (2021).  Such exercise of arrest authority does not, contrary to Petitioner's position, "violate the separation of powers doctrine." *Smallwood v. U.S. Parole Comm'n*, 777 F. Supp. 2d 148, 150 (D.D.C. 2011) (observing that proceedings relating to supervised release are considered administrative and therefore the USPC is not exercising a judicial function).

Finally, the USPC's issuance of the December 2, 2020 warrant did not violate any federal law.  Nor did the agency act arbitrarily and capriciously in issuing it; the record reflects ample grounds for the warrant's issuance.  The USPC therefore did not violate the APA.

## IV.

For the foregoing reasons, Respondents' Motion to Dismiss, ECF No. 3, is granted. Petitioner's Motion for Summary Judgment, ECF No. 6, is denied.  A final, appealable order accompanies this Memorandum Opinion.

Dated: July 8, 2022

Amit P. Mehta
United States District Court Judge